FRANGIPANE v. METAL STAMPING CO.

(Supreme Court, Appellate Term. March 14, 1907.)

MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—EVIDENCE.

In an action for injuries sustained as the result of the master's alleged failure to maintain a certain stamping press upon which plaintiff was working in a proper condition, evidence *held* insufficient to show negligence on the part of the master.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 34, Master and Servant, §§ 954–977.]

Appeal from City Court of New York, Trial Term.

Action by Gaetano Frangipane against the Metal Stamping Company. From a judgment for plaintiff, defendant appeals. Reversed, and a new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAVIS and HENDRICK, JJ.

Frank V. Johnson (James B. Henney, of counsel), for appellant.

Wentworth, Lowenstein & Stern (Edwin F. Stern and Francis W. Russell, of counsel), for respondent.

GILDERSLEEVE, P. J. This action was brought to recover damages for injuries alleged to have been received by the plaintiff through the negligence of the defendant, in whose employ he was. The action came on for trial before the court and a jury at a Trial Term of the City Court of the city of New York on the 25th day of May, 1905. The plaintiff endeavors to predicate negligence on the part of the defendant in failing to maintain a certain stamping press in proper condition upon which the plaintiff was at work when injured. Defendant contends that the plaintiff has failed to establish its negligence in this or any respect, and that the court was unwarranted in allowing the case to go to the jury. On the 30th day of January, 1904, plaintiff, an Italian of 23 years of age, engaged at wages of $4.50 per week, was injured by the unexplained descent of the plunger of a stamping machine upon which he was at work in the employ of the defendant. When told by the foreman to go to work upon this press, he demurred,

saying he had an accident before on a machine—not this one, however. The plaintiff testifies:

"The foreman told me how to work at it. He showed me how to do the work."

The machine upon which plaintiff was working at the time of the injury was a power press used to cut leather, and run by a belt from shafting. The operator pressed down on a treadle, which caused the plunger, upon which was a die, to descend and cut the leather. When the operator took his foot from the treadle the plunger went up, and unless the treadle was pressed the plunger could not fall. At the time of the accident the plaintiff was operating the machine. He says:

"The machine stopped and made a sort of a motion, b-r-r-r, something like that, and then I got cut on the finger. * * * I was about to pull the stuff that was in it, and it came down and cut my finger."

This burring noise, which the plaintiff says the machine made, was caused, according to the opinion of defendant's die setter, because the press needed oiling, and that in no way made it dangerous or affected the action of the plunger. The plaintiff says that he does not know what made the stamp come down. He did not know whether some one put his foot on the treadle and made it come down, or not.

According to defendant's witnesses, while Salvatori Neglia, a fellow pressman in the employ of the defendant, was about to put his foot on the treadle of this machine, the plaintiff, attempting to show him something about the die, put his finger under the plunger, and Neglia put his foot on the treadle, and the punch or plunger came down, causing the injury to the plaintiff. The press was in good working order at the time of this accident, according to the die setter, who inspected it immediately after the accident, and found it in perfect order, and another operator was put upon the press in 10 minutes, and it was operated.

There seems to be no evidence upon which to base a finding of negligence on the part of defendant, and the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event. All concur.